IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:13-CV-0993-L-BH |
| | § | |
| JPMORGAN CHASE BANK NATIONAL | § | |
| ASSOCIATION, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Standing Order of Reference* dated March 7, 2013, this case has been referred for pretrial management. Before the Court are *Defendants' Motion to Dismiss Plaintiff's Complaint*, filed March 27, 2013 (doc. 9), *BDFTE Defendants' Motion to Dismiss*, filed April 11, 2013 (doc. 12), and *Defendant Envoy Mortgage, Ltd.'s Motion to Dismiss*, filed April 16, 2013 (doc. 15). Based on the relevant filings and applicable law, the motions should be **DENIED**.

## I. BACKGROUND

This action involves the foreclosure of real property located at 243 Barnes Bridge Road, Sunnyvale, Texas 75182 (the Property). (Compl. (doc. 3) at 4, 21.)[1] On March 6, 2013, Kevin Burns (Plaintiff) filed this *pro se* action against JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC (JPMC);[2] Federal National Mortgage Association (Fannie Mae); Mortgage Electronic Registration Systems, Inc. (MERS); Stephen C. Porter; Georgia Ann Bradley; Matt Lindsey; Barrett, Daffin, Frappier, Turner & Engel, LLP (Barrett Daffin), Dana Gompers, and Envoy

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff incorrectly named JPMC as "JPMorgan, Chase Bank National Association, Successor by Merger to Chase Home Finance." (docs. 3 at 1; 9 at 1.)

Mortgage Ltd. (Envoy)[3] (collectively, Defendants). (*Id.* at 1.)

On September 26, 2008, Plaintiff obtained a home mortgage from Envoy and signed a promissory note and a deed of trust securing the note in its favor. (*Id.* at 4.) Both the note and deed of trust identified Envoy as "Lender." (*Id.* at 4, 21, 25.) The deed of trust named MERS, the nominee for Lender and its successors and assigns, as its beneficiary. (*Id.* at 25.) It also granted MERS the right to exercise all of the interests Plaintiff granted Lender, including foreclosing and selling the Property upon default and releasing and canceling the deed of trust. (*Id.* at 26–27.)

MERS assigned the deed of trust to JPMC on February 10, 2011. (*Id.* at 4, 38.) The assignment document was signed by Porter, an "assistant secretary" of MERS and an attorney at Barrett Daffin (the secretary). (*Id.* at 38.) The assignment was recorded with the Dallas County Clerk's office. (*Id.*) A few days later, the secretary appointed a substitute trustee on behalf of JPMC. (*Id.* at 4, 45.) The appointment was also recorded with the County Clerk. (*Id.* at 45.)

Plaintiff apparently defaulted, and on July 3, 2012, the substitute trustee sold the Property to Fannie Mae at a foreclosure sale. (*Id.* at 47.) Plaintiff challenges the validity of the foreclosure sale and disputes the secretary's authority to appoint a substitute trustee. (*Id.* at 5.) He also contends that neither MERS nor the secretary had the right to assign the deed of trust, and the assignment was therefore "fraudulent." (*Id.*) Because MERS apparently assigned the deed of trust separately from the promissory note and "had no ownership interest" in it, Plaintiff claims the assignment was ineffective and JPMC did not acquire any rights under the deed of trust. (*Id.*) It could therefore not declare a default, accelerate the debt, or foreclose on the Property. (*Id.*)

---

[3] Plaintiff incorrectly named Envoy as "First Houston Mortgage, Ltd. and First Houston Mortgage, Ltd. d.b.a. Envoy Mortgage." (docs. 3 at 1; 15 at 1.)

The complaint lists claims for wrongful foreclosure, fraud, suit to quiet title, and violations of the Texas Business & Commerce Code and the Texas Finance Code, also known as the Texas Debt Collection Practices Act (TDCPA). (*Id.* at 10–17.) The claims are premised on numerous allegations, including that an unspecified "Defendant" is not the note's holder or an authorized representative of the holder, and that it made fraudulent, deceptive, and misleading representations. (*See id.* at 10–11.) Plaintiff also contends that Envoy and JPMC did not "disclose the material terms" of MERS's assignment. (*Id.* at 16.) He argues that these Defendants violated the Real Estate Settlement Practices Act (RESPA) and other federal consumer protection statutes by failing to provide him with notice of the assignment. (*Id.*) Among other things, he seeks declaratory judgment, actual, special, and punitive damages, and costs of suit. (*Id.* at 17–19.)

On March 27, 2013, JPMC and Fannie Mae moved to dismiss the complaint for lack of subject matter jurisdiction. (doc. 9.) In April, the other defendants (except MERS and Gompers, who has not appeared) also moved to dismiss, adopting and "incorporating by reference" JPMC's and Fannie Mae's motion to dismiss. (docs. 12; 15.) MERS joined JPMC's and Fannie Mae's motion on July 25, 2013. (doc. 24.) With a timely-filed response (doc. 22) and reply (doc. 23), the motions are now ripe for recommendation.

## II.  RULE 12(b)(1) MOTIONS TO DISMISS

Defendants move to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. (docs. 9; 12; 15.)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such a motion "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H*

3

*Corp.*, 546 U.S. 500, 506–07 (2006). The Court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The dismissal "is not a determination of the merits," however, and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A.   **Rule 12(b)(1) Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id*. When evidence is presented with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413. In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from

4

evaluating for itself the merits of jurisdictional claims." *Id.* A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendants rely solely on Plaintiff's complaint to support their motions to dismiss. The motions present facial attacks that do not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

**B.**   **Federal Question Jurisdiction**

Defendants first argue that federal question jurisdiction under 28 U.S.C. § 1331 is lacking because "Plaintiff does not assert claims under any of the [] federal statutes" he cites in the "jurisdiction" section of the complaint. (docs. 9-1 at 3; 12 at 2; 15 at 2.)

*1.   Pleading Burden to Establish Federal Question Jurisdiction*

A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331 (2005). A claim arises under federal law when federal law creates the cause of action or when a state law claim raises a substantial federal issue. *Singh v. Duan Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To confer jurisdiction, the federal claim must be "presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). The plaintiff invoking federal question jurisdiction bears the burden of establishing its existence. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998); *Ramming*, 281 F.3d at 161.

The Fifth Circuit has held that the plaintiff's "pleading burden to establish federal question

jurisdiction is low" and "only claims patently without merit . . . justify the district court's dismissal for want of jurisdiction." *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Suthoff v. Yazzo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981)). A plaintiff's claim is patently meritless if it is frivolous or insubstantial, meaning that it "has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision." *Id.* (citation omitted). Ultimately, "when a complaint asserts a cognizable federal claim, dismissal for want of jurisdiction is disfavored as a matter of policy." *Id.* (citing *Williamson*, 645 F.2d at 415–16).[4]

### 2. *Plaintiff's Pleadings*

Here, the complaint states in the "jurisdiction" section that "the court has jurisdiction under 28 U.S.C. § 1331" pursuant to the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), RESPA, the Home Ownership and Equity Protection Act (HOEPA), and the "Mortgage Fraud Act." (doc. 3 at 4.) This assertion alone is arguably sufficient to confer federal question jurisdiction over the case. *See Williamson*, 645 F.2d at 415–16; *Francois v. Jefferson Parish Sheriff's Office*, No. CIV.A. 12-1965, 2013 WL 654640, at *6 n.11 (E.D. La. Feb. 21, 2013) ("In the instant case, Plaintiff has asserted that this Court has subject matter jurisdiction under a federal law, 42 U.S.C. § 1983, thereby indicating that per 28 U.S.C. § 1331, the underlying cause of action in this case involves a federal question over which this Court has subject matter

---

[4] As the Fifth Circuit has explained:

> Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) or Rule 56 (summary judgment)—both of which place greater restrictions on the district court's discretion.

*Williamson*, 645 F.2d at 415–16.

6

jurisdiction.") In the section relating to his fraud claim, Plaintiff also states that the promissory note "is [in] violation of RESPA" and other federal consumer protection statutes requiring that homeowners be provided "with notice of the sale of their loans." (doc. 3 at 16.)

Section 6 of RESPA imposes two notice requirements in connection with all "federally related" mortgage loans: (1) at the time of the credit application, a lender must disclose to the borrower that the loan servicing may be "assigned, sold, or transferred to any other person at any time while the loan is outstanding"; and (2) a "transferor" and a "transferee" mortgage servicer must notify the borrower "of any assignment, sale or transfer of the servicing of the loan." 12 U.S.C.A. § 2605(a)-(c) (West 2011). Lenders and mortgage servicers that fail to comply with these requirements may be "liable to the borrower for each such failure" in the amount of actual damages and "any additional damages . . . not to exceed $2,000." *Id.* § 2605(a)-(c).

Similarly, § 1641(g) (which was added to TILA pursuant to the "Act to Prevent Mortgage Foreclosures and Enhance Mortgage Credit Availability of 2009) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and give the borrower certain disclosures. 15 U.S.C.A. § 1641(g)(1); Pub. L. 111-22, § 404(a), 123 Stat. at 1658. Borrowers have "a private right of action for civil liability against any creditor that fails" to comply with this requirement and may recover actual and statutory damages. *Price v. U.S. Bank Nat. Ass'n*, No. 3:13-CV-0175-O-BH, 2013 WL 3976624, at *10 (N.D. Tex. Aug. 2, 2013) (citation omitted); *see also* 15 U.S.C.A. § 1640(a)(1)-(2).

Liberally construed, the complaint alleges that Envoy and JPMC violated RESPA and TILA by failing to provide Plaintiff with notice of MERS's assignment of his mortgage. (*See* doc. 3 at 3,

7

16.)[5] These claims appear to be neither frivolous nor clearly foreclosed by law given that: (1) they are based on MERS's assignment of the deed of trust to JPMC in February 2011 (which Defendants do not dispute); (2) RESPA and TILA expressly grant a private cause of action for the violations Plaintiff alleges;[6] and (3) there are no Supreme Court cases foreclosing those causes of action. Accordingly, Plaintiff's allegations, which must be taken as true, are sufficient to allege a basis for subject matter jurisdiction under these statutes and therefore withstand Defendants' facial attack. *See Quebedeaux*, 2013 WL 749511, at *2 (holding that even though the plaintiff "did not specify the federal law or constitutional provision that he contend[ed] was violated," liberally construed, his complaint asserted a claim under 42 U.S.C. § 1983, and the claim was sufficient to confer federal question jurisdiction because it was "not . . . patently without merit, frivolous, insubstantial, lacking a plausible foundation, or foreclosed by [] prior Supreme Court decisions"); *Hunter v. Branch Banking and Trust Co.*, No. 3:12–CV–2437–D, 2013 WL 607151, at *2 (N. D. Tex. Feb.19, 2013) (Fitzwater, C.J.) (with a facial attack, the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true, and if the allegations are sufficient to allege jurisdiction, the court must deny the Rule 12(b)(1) motion); *Lowe v. ViewPoint Bank*, No. 3:12-CV-1725-G BH, 2013 WL 5273122, at *4 (N.D. Tex. Sept. 18, 2013) (holding that the plaintiff had carried her burden to show that the court had federal question jurisdiction over the case because "at least some of her claims" arose under federal law). In conclusion, Defendants' motions to dismiss for lack of subject

---

[5] In a Rule 12(b)(1) context, "[the pleadings filed by *pro se* litigants are construed liberally and held to a less stringent standard than those prepared by lawyers." *Quebedeaux v. Guillory*, No. 6:12-CV-00849, 2013 WL 749511, at *2 (W.D. La. Jan. 31, 2013), *rec. adopted*, 2013 WL 749506 (W.D. La. Feb. 27, 2013) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).

[6] It is well settled that when a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 817 (1986).

matter jurisdiction should be denied on this basis.[7] *See Hunter*, 2013 WL 607151, at *2.[8]

### III. RECOMMENDATION

Defendants' motions to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be **DENIED.**

**SO RECOMMENDED on this 14th day of November, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Because Plaintiff has demonstrated the existence of federal question jurisdiction under 28 U.S.C. § 1331, it is not necessary to reach Defendants' arguments regarding diversity jurisdiction under 28 U.S.C. § 1332. *See Lowe*, 2013 WL 5273122, at *4 n.7; (*see also* docs. 9-1 at 3–4; 12 at 2; 15 at 2).

[8] Defendants have not raised or briefed the issue of whether Plaintiff states a claim for relief under any cause of action. The Court should decline to *sua sponte* convert their Rule 12(b)(1) motions to Rule 12(b)(6) motions. *See Commodity Futures Trading Comm'n v. UForex Consulting, LLC*, No. CIV.A. 07-0046, 2007 WL 2350238, at *1 n. 1(W.D. La. Aug. 11, 2007) (declining to *sua sponte* convert a Rule 12(b)(1) motion to a Rule 12(b)(6) motion and address the merits of the case; noting that "the motion before the Court ha[d] not asked for relief pursuant to [Rule] 12(b)(6)").