IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN BURNS, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-0993-L-BH |
| | ) | |
| JPMORGAN CHASE BANK NATIONAL | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
|       Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated March 7, 2013, this *pro se* case has been automatically referred for determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims against defendant Dana Gompers should be **DISMISSED without prejudice** for failure to serve within 120 days.

**I. BACKGROUND**

On March 6, 2013, the plaintiff filed this *pro se* civil action against the defendants and paid the filing fee. On March 8, 2013, the Court issued an order stating:

> Because he paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If the defendants are not served within 120 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed.

(doc. 7.) The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4. The docket reflects that the documents were served with the order.

The plaintiff failed to file a valid return of service on defendant Dana Gompers within

120 days of the filing of the complaint.  The Court issued an order on November 15, 2013,

directing the plaintiff to show cause in writing no later than November 29, 2013, for his failure

to comply with the service requirements of Rule 4 as to this defendant.  (*See* doc. 26.)  The order

expressly stated that if the plaintiff failed to comply with its terms by filing a valid return of

service as to this defendant or by showing good cause in writing why service could not be timely

made, dismissal of the case against this defendant would be recommended without further notice.

As of this date, the plaintiff has still not filed a valid return of service to show that he has served

this defendant or shown cause in writing for his failure to do so.

## II.  ANALYSIS

Because he paid the fee, the plaintiff was responsible for serving each defendant with a

summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of

Civil Procedure.  He was required to make proper service on the defendants within 120 days of

filing a complaint.  *See* Fed. R. Civ. P. 4(m).  He were also required to file proof of service with

the Court unless service was waived.  *See* Fed. R. Civ. P. 4(l)(1).  Proof consists of "the server's

affidavit" if service was not effected by the United States Marshal or a deputy marshal.  *Id.*

Where proper service is not made within 120 days of filing a complaint, an action is

subject to *sua sponte* dismissal, without prejudice.  Fed.R.Civ.P. 4(m).  However, dismissal is

not proper "if the plaintiff shows good cause for the failure" to properly effect service and a

court should extend the time to serve the defendant.  *Id.*  The plaintiff bears the burden of

showing good cause.  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).  "To establish

'good cause' the plaintiff must demonstrate at least as much as would be required to show

excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)).  A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed.  *Hickman v. U.G. Lively,* 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than 120 days have passed since the plaintiff filed this action, but he has not complied with Fed. R. Civ. P. 4(m) by timely serving defendant Dana Gompers and/or filing proof of valid service.  Nor has he shown cause for his failure to serve this defendant or to file proof of service.

### III.  CONCLUSION

This case should be **DISMISSED** without prejudice as to defendant Dana Gompers for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 5th day of December, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE