IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-00993-L |
| | § | |
| JPMORGAN CHASE BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |

## BDFTE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Stephen C. Porter, Georgia Ann Bradley, Matt Lindsey and Barrett Daffin Frappier Turner & Engel, LLP (collectively the "BDFTE Defendants") and, pursuant to the Court's Order dated March 14, 2014 (the "Order") (Doc 56), file this response to the Joint Stipulation of Dismissal of the BDFTE Defendants (Doc 53) filed by Plaintiff Kevin Burns ("Burns"). In support thereof, the BDFTE Defendants respectfully show this Honorable Court the following:

### SUMMARY OF THE RESPONSE

1. The BDFTE Defendants oppose the Court granting Burns' request for voluntary dismissal only to the extent any such dismissal is without prejudice. Case law holds that a voluntary dismissal should not be granted if it would preclude the court from deciding a pending case dispositive motion. In this case, a voluntary dismissal of Burns' claims against the BDFTE Defendants would allow Burns to avoid the BDFTE Defendants' pending motion to dismiss. As such, the BDFTE Defendants do not oppose the Court dismissing Burns' claims against them, but request that any dismissal be with prejudice.

**RELEVANT PROCEDURAL HISTORY**

2. Burns initiated this litigation over one year ago by filing his Plaintiff's Complaint for: (1) Wrongful Foreclosure; (2) Fraud; (3) Quiet Title; and (4) Declaratory Relief (Doc 3).

3. On April 11, 2013, the BDFTE Defendants filed a motion requesting that Burns' claims against them be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "First MTD"). (Doc 12).

4. On May 2, 2013, Burns filed his Plaintiff's Objection and Response to Defendant's BDFTE Motion to Dismiss Plaintiffs Complaint. (Doc 22). On May 9, 2013, the BDFTE Defendants filed their Reply to Plaintiff's Objection and Response to Motion to Dismiss. (Doc 23).

5. On December 4, 2013, the Court denied the BDFTE Defendants' First MTD. (Doc 27). Thereafter, on December 18, 2013, the BDFTE Defendants filed their Original Answer. (Doc 34).

6. On December 30, 2013, the BDFTE Defendants filed their second motion to dismiss, this time requesting that Burns' claims against them be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Second MTD"). (Doc 39).

7. On January 2, 2014, the Court entered its Order setting a deadline of January 20, 2014 for Burns to file a response to the BDFTE Defendants' Second MTD. (Doc 40). Separately, Local Rule 7.1(e) also establishes January 20, 2014 as the deadline by which Burns should have responded to the BDFTE Defendants' Second MTD.

8. Burns has not filed a response to the BDFTE Defendants' Second MTD; however, he has filed three motions requesting leave to amend his pleadings, two of which have been denied by the Court.[1] Burns states in each of these three requests for leave to amend that he "does not object to the relief requested by the BDFTE Defendants"[2] in their Second MTD, which requests that Burns' claims against them be dismissed "with prejudice."[3]

## ARGUMENTS & AUTHORITY

9. A plaintiff may voluntarily dismiss an action, without the necessity of a court order, by filing "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). Unless stated otherwise in the stipulation, "the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B).

10. In addition, a plaintiff may voluntarily dismiss an action by obtaining an order from the court. FED. R. CIV. P. 41(a)(2). A plaintiff's request for voluntary dismissal should be denied where the defendant demonstrates "that dismissal will preclude the court from deciding a pending case or claim-dispositive motion." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988). Unless stated otherwise, a court order granting a plaintiff's request for voluntary dismissal is also without prejudice. FED. R. CIV. P. 41(a)(2). Courts have discretion, however, to grant a voluntary dismissal "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

---

[1] *See* Plaintiffs' Motion for Leave to Amend Pleading (Doc 47), denied by the Court's Order dated January 14, 2014 (Doc 48); Plaintiffs' Motion for Leave to Amend Pleading (Doc 50), denied by the Court's Order dated February 19, 2014 (Doc 52); and Plaintiffs' Motion for Leave to Amend Pleading (Doc 55), which has not yet been ruled on by the Court.
[2] *See* Burns' first request for leave to amend at page 2, lines 3-5 (Doc 47); Burns' second request for leave to amend at page 2, lines 3-5 (Doc 50); and Burns' third request for leave to amend at page 2, lines 12-14 (Doc 55).
[3] Second MTD at ¶ 29. (Doc 39).

11.     As noted by the Court in its March 14, 2014 Order, Burns' "stipulation" of dismissal is not signed by the BDFTE Defendants.[4]  As a result, the Court has liberally construed Burns filing as a voluntary motion to dismiss his claims against the BDFTE Defendants, presumably pursuant to Rule 41(a)(2).

12.     This Court should not dimiss Burns' claims without prejudice because it would allow Burns to avoid the BDFTE Defendants' Second MTD, currently pending before the Court.  Furthermore, Burns has stated on three separate occasions that he does not oppose the relief requested by the BDFTE Defendants in their Second MTD, which clearly requests that Burns' claims be dismissed with prejudice.  Therefore, the BDFTE Defendants do not oppose Burns' request for voluntary dismissal, but request that the Court's order granting same specifically state that the dismissal is with prejudice.

13.     Counsel for the BDFTE Defendants has contacted Burns with the hope that this issue may be resolved with a proper stipulation of dismissal, with prejudice, however, Burns has not returned counsel's messages.

### PRAYER

14.     WHEREFORE, premises considered, the BDFTE Defendants respectfully request that the Court dismiss Burns' claims against the BDFTE Defendants with prejudice and grant the BDFTE Defendants any and all further relief to which they may show themselves justly entitled.

---

[4] *See* Order dated March 14, 2014.  (Doc 56).

Respectfully submitted,

MARIS & LANIER, P.C.

/s/ Robert F. Maris
Robert F. Maris
State Bar No. 12986300
rmaris@marislanier.com
Matthew W. Lindsey
State Bar No. 24071893
mlindsey@marislanier.com
3710 Rawlins Street, Suite 1550
Dallas, Texas 75219
214-706-0920 telephone
214-706-0921 facsimile

ATTORNEYS FOR DEFENDANTS
STEPHEN C. PORTER, GEORGIA
ANN BRADLEY, MATT LINDSEY,
and BARRETT DAFFIN
FRAPPIER TURNER & ENGEL,
LLP

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attempted to contact Plaintiff Kevin Burns to confer regarding the possibility of a stipulation of dismissal without prejudice. As of the date of this response, messages left by the undersigned have not been returned by Mr. Burns.

/s/ Matthew W. Lindsey

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on the 20th day of March, 2014 to:

Kevin Burns
243 Barnes Ridge Road
Sunnyvale, Texas 75182
**VIA CM/ECF ELECTRONIC FILING
AND VIA CERTIFIED MAIL RECEIPT
NO. 7008 3230 0000 9605 7422**

Wm. Lance Lewis
Lauren Godfrey
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
**VIA CM/ECF ELECTRONIC FILING**

C. Ed Harrell
Sabrina A. Neff
HUGHES, WATTERS & ASKANASE, L.L.P.
333 Clay, 29th Floor
Houston, Texas 77002
**VIA CM/ECF ELECTRONIC FILING**

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Matthew W. Lindsey
　　　　　　　　　　　　　　　　　　　　　　　　Matthew W. Lindsey

624.444\s:\robert\barrett\burns\pldgs\mtd.rsp.docx